IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOBE DANGANAN                       :      CIVIL ACTION
                                    :
        v.                          :
                                    :
GUARDIAN PROTECTION SERVICES        :      NO. 15-4035

MEMORANDUM

Bartle, J.                                          October 15, 2015

       Plaintiff, Jobe Danganan, brought this putative class action against defendant, Guardian Protection Services ("Guardian"), in which he challenges the legality of its home security protection services agreements with its customers. The complaint alleges violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201.1, et seq., and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1, et seq. The action was initially filed in the Court of Common Pleas of Philadelphia County and timely removed to this Court on the basis of diversity of citizenship.

       Before the court is Guardian's motion to transfer venue to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

The motion to transfer is grounded on a forum selection clause allegedly found in all the agreements at issue. It reads in relevant part:

> Each party hereby irrevocably agrees that any suit, action or other legal proceeding ("suit") arising out of or from, in connection with or as a result of this Agreement shall be brought by such party exclusively in the state courts of record or the courts of the United States located in the district or county where the other party's residence or principal place of business is located. Each party consents to the exclusive jurisdiction and venue of each such court in any such suit and waives any objection that it may have to Jurisdiction of [sic] venue of any such suit.

Since the lawsuit was brought against Guardian, the forum selection clause requires it to be filed in a state or federal court "where [Guardian's] . . . principal place of business is located." It is undisputed that Guardian's principal place of business is located in Allegheny County, Pennsylvania. Allegheny County lies within the Western District of Pennsylvania. Thus, Guardian argues, the lawsuit belongs in that district pursuant to the forum selection clause. Plaintiff counters that the forum selection clause should not be honored because the agreements with Guardian's customers are contracts of adhesion.

Guardian relies primarily on the Supreme Court's decision in <u>Atlantic Marine Construction Co. v. U.S. District</u>

Court, __ U.S. __, 134 S. Ct. 568 (2013).  There, the Court explained that if venue is proper, as it is here, a decision to transfer because of a forum selection clause in a contract must be made under 28 U.S.C. § 1404(a).  Under these circumstances, however, the usual § 1404(a) balancing-of-interest analysis does not apply.  No weight is to be given to plaintiff's choice of forum, the parties' private interests, or the original venue's choice of law rules as articulated in Van Dusen v. Barrack, 376 U.S. 612 (1964).  Cf. Jumara v. State Farm Ins. Co., 55 F.3d 873, 880 (3d Cir. 1995).  The Court may only consider public interest factors.  Atlantic Marine, 134 S. Ct. at 581-83.  As the Supreme Court concluded, "in all but the most unusual cases  . . . , 'the interest of justice' is served by holding parties to their bargain."  Id. at 583; see also Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 4 n.4 (1972).

Plaintiff seeks to distinguish Atlantic Marine on the ground that the construction contract in that case was between two sophisticated parties.  He argues that this court should apply the usual balancing of interests under § 1404(a) because the plaintiff here was a consumer who signed a form contract and realistically had no opportunity to negotiate over its terms.  The plaintiff points out that Atlantic Marine quotes from a concurring opinion of Justice Kennedy in Stewart Organization, Inc. v. Ricon Corp., "The enforcement of valid forum-selection

-3-

clauses, <u>bargained for by the parties</u>, protects their legitimate expectations and furthers vital interests of the justice system." 467 U.S. 22 (1988) (Kennedy, J., concurring) (emphasis added).

The Supreme Court had before it, in <u>Carnival Cruise Lines v. Shute</u>, 499 U.S. 585 (1991), the question of the enforcement of a forum selection clause in a consumer agreement. In that case, a passenger on a cruise ship slipped and fell while the ship was in international waters off the Mexican coast. She had purchased the ticket in the state of Washington and boarded the ship in Los Angeles. The ticket had a provision that required her to pursue any lawsuit against the cruise line in a court in the state of Florida. Instead, she filed suit in the United States District Court for the Western District of Washington. The passenger argued to the Supreme Court that the forum selection clause should not be enforced because "the clause was not the product of negotiation, and enforcement effectively would deprive . . . [the passenger] of . . . [her] day in court." <u>Id</u>. at 590. The Supreme Court disagreed.

The Court first rejected the ruling of the Court of Appeals that "a non-negotiated forum-selection clause in a form ticket contract is never enforceable simply because it is not the subject of bargaining." <u>Id</u>. at 593. It recognized that the cruise line had a special interest in limiting the fora in which it could be sued. Without a forum selection clause, it would be

subject to suit in many places.  Such a clause also provides clarity so as to avoid pretrial litigation over venue and, thus, the unnecessary expenditure of time and money by the parties and the waste of scarce judicial resources.  Furthermore, it was reasonable, the Court wrote, to conclude that charges for cruises are reduced because of the requirement that lawsuits against the cruise line be heard in one forum.

The Supreme Court emphasized that "forum-selection clauses contained in form passage contracts are subject to judicial scrutiny for fundamental fairness." Id. at 595.  It found no evidence that the forum selection clause was designed to discourage passengers from pursuing legitimate claims.  It noted that bad faith in choosing the forum was not an issue since the cruise line had its principal place of business in Florida and many of its cruise ships departed from Florida.  In addition, there was no evidence of "any fraud or overreaching."

The similarities between Carnival and this case are striking.  Both involved a non-negotiated consumer contract. Both forum selection clauses required legal actions against the corporate defendant to be filed where it maintained its principal place of business.  In this case, the principal place of business of Guardian is in Allegheny County, Pennsylvania.  Here, the designated place for the lawsuit is much closer to Washington, D.C., where the plaintiff lived at the time he signed the

Guardian agreement than Florida is to the state of Washington, the scenario in Carnival.  Both defendants have customers in many different locations.  There is also no bad faith since both defendants have their principal places of business where suit must be brought and conduct business there.  Nor has fraud or overreaching been shown in either action.  As in Carnival, the plaintiff here could have rejected the agreement if he did not like its terms.

Significantly, the convenience of the passenger or her choice of forum were not relevant considerations to the Supreme Court in Carnival.  In this case, plaintiff initially brought suit in the state court in Philadelphia which has absolutely no connection to plaintiff or his claim for relief.  There is no assertion, for example, that any witnesses or documents are located in this district.  If anything, it seems reasonable that more records and witnesses are in Allegheny County than in any other specific location.  The Eastern District of Pennsylvania is merely where plaintiff's attorney is located.  Indeed, plaintiff currently resides in San Francisco, California, which is approximately 300 miles closer to Pittsburgh, the county seat of Allegheny County, where the Western District of Pennsylvania sits than to Philadelphia where the Eastern District of Pennsylvania sits.

In <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873 (3d Cir. 1995), where a forum selection clause existed in an automobile insurance policy, our Court of Appeals, without citing <u>Carnival</u>, identified several private and public factors for the Court to consider in determining whether movant had met its burden for transfer under § 1404(a). <u>Id</u>. at 879. The private interests included: "plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses - but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." <u>Id</u>. (citations omitted).

The public interests included: "the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases." <u>Id</u>. (citations omitted).

The Court of Appeals, in Jumara, observed that a forum selection clause is a "private expression of [the parties] . . . venue preference" and while not dispositive, is "entitled to substantial consideration." Id. at 880. It cited the Supreme Court decision in Bremen v. Zapata Off-Shore Co., 407 U.S. 1, (1972) for the proposition that absent "fraud, influence, or overweening bargaining power," the plaintiff bears the burden of proof to show why it should not be bound by the forum selection clause to which the plaintiff had agreed. Jumara, 55 F.3d at 880; Bremen, 407 U.S. at 12-13. The Supreme Court reiterated in Atlantic Marine that where the plaintiff is "the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." Atlantic Marine, 137 S. Ct. at 581.

Here, plaintiff has now chosen Philadelphia as his preferred forum while defendant prefers Pittsburgh. The claim did not arise in either place. It is certainly not more convenient for plaintiff to have this action in Philadelphia rather than Pittsburgh, which is closer to his home in California. On this record, as noted above, there is no evidence that the convenience of the witnesses or the location of books and records favor the Eastern District of Pennsylvania.

As to the public interests, the enforcement of any judgment is a non-issue. Expense is not a realistic

consideration and court congestion is not a factor. There are no special local interests or public policies favoring one district over another. Plaintiff alleges only violations of Pennsylvania law. The judges in the Western District of Pennsylvania are as familiar with the laws of the Commonwealth as are the judges in this district.

Finally, although the plaintiff alleges that the forum selection clause was the product of fraud or overreaching, the plaintiff has not offered any supporting evidence. Rather, the record indicates to the contrary. The forum selection clause contains reciprocal terms. When a customer initiates suit, the clause requires that suit be brought in the place encompassing Guardian's principal place of business. However, if Guardian initiates suit, the clause requires the suit to be brought in a forum where the customer resides.

We not need decide whether <u>Atlantic Marine</u> applies to consumer contracts, for the result here is the same under the test developed by the Supreme Court in <u>Carnival</u>. That test rests ultimately on the question whether the forum selection clause is fundamentally fair. Plaintiff has not met his burden of proof to establish that there is fundamental unfairness to the enforcement of the forum selection clause and to holding the parties to the terms of their agreement. If the forum selection clause in <u>Carnival</u> passed muster, the clause in this case passes muster.

Accordingly, the court will transfer this action to the United States District Court for the Western District of Pennsylvania.