IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOBE DANGANAN, on behalf of himself　)
and all others similarly situated,　　　　)
　　　　　　　　　　　　　　　　　　)　　Civil Action No. 15-1495
　　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　v.　　　　　　　　　　　)　　United States Magistrate Judge
　　　　　　　　　　　　　　　　　　)　　Cynthia Reed Eddy
GUARDIAN PROTECTION　　　　　　)
SERVICES,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　　　)

**MEMORANDUM OPINION**

　　　　Plaintiff Jobe Danganan ("Plaintiff") initiated this action on behalf of himself and a

putative nationwide class of similarly situated individuals against Defendant Guardian Protection

Services ("Guardian") in the Court of Common Pleas of Philadelphia, Pennsylvania, seeking

relief under Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. §

201−1, et seq. ("UTPCPL") and Pennsylvania's Fair Credit Extension Uniformity Act, 73 P.S. §

2270.1, et seq. ("FCEUA").　After it was filed, Guardian timely removed the case to the United

States District Court for the Eastern District of Pennsylvania and then successfully moved for it

to be transferred to the United States District Court for the Western District of Pennsylvania

where it has been assigned to the undersigned.[1]　Pending before the Court is Guardian's motion

to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure, or in the alternative, motion to strike Plaintiff's class claims ("motion to dismiss").

ECF No. 32.　In its motion, Guardian asserts, *inter alia*, that Plaintiff cannot recover under the

---

[1]　By consent of the parties, and pursuant to 28 U.S.C. § 636(c), the parties have voluntarily consented
to have the undersigned conduct any and all proceedings herein, including the authority to enter final
judgment, with direct review by the United States Court of Appeals for the Third Circuit.　ECF Nos. 27,
29.

UTPCPL or the FCEUA because Plaintiff, a non-resident of Pennsylvania, has failed to allege a sufficient nexus between the allegations in the complaint and the Commonwealth of Pennsylvania. The motion has been fully briefed, ECF Nos. 33, 39, 42, and is ripe for disposition. Because the Court agrees with Guardian's position, the motion to dismiss will be granted.[2]

The UTPCPL prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." 73 P.S. § 201−3. Section 201−2(4) lists several specific "unfair methods of competition" and "unfair or deceptive acts or practices," and also includes a catchall provision that prohibits "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding." Id., § 201−2(4)(i)−(xxi). "The statute creates a private right of action in persons upon whom unfair methods of competition and unfair or deceptive acts or practices are employed and who as a result, sustain an ascertainable loss." Toy v. Metropolitan Life Ins. Co., 928 A.2d 186, 190 n. 4 (Pa. 2007) (citing 73 P.S. § 201−9.2).

The Pennsylvania Supreme Court has long instructed that the UTPCPL be construed liberally in order to effectuate its primary purposes of preventing fraud and deceptive practices. See Com., by Creamer v. Monumental Prop., Inc., 329 A.2d 812, 816 (Pa. 1974). Nevertheless, the Pennsylvania Supreme Court has also noted that the purpose of the Pennsylvania General Assembly in passing the UTPCPL was to protect *its citizens*. See Com. by Packel v. Ziomek, 352 A.2d 235, 238 (Pa. 1976). As such, it is no surprise that many federal courts in

---

[2]    "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Pennsylvania have recognized that, in general, non-residents of the Commonwealth cannot recover under the UTPCPL. See Lyon v. Caterpillar, Inc., 194 F.R.D. 206, 213 (E.D.Pa. 2000) (in the context of class certification, refusing to apply the UTPCPL to the putative class members who were not residents of Pennsylvania because they "have a due process right to have their claims governed by state law applicable to their dispute."); Baker v. Family Credit Counseling Corp., 440 F.Supp.2d 392, 414 (E.D.Pa. 2006) (refusing to apply the UTPCPL to named class members who were not residents of Pennsylvania); Levy v. Keystone Food Prod., 2008 WL 4115856, *6 (E.D.Pa. 2008) (concluding that in the absence of any authority to the contrary, the UTPCPL does not have extraterritorial effect, and therefore, dismissing the non-resident Plaintiff's claim); Lewis v. Ford Motor Co., 263 F.R.D. 252, 258 n. 7 (W.D. Pa. 2009) ("It is well-established that individuals who are not Pennsylvania citizens have no standing to bring suit under [Pennsylvania's] CPL."); Rios v. Cabrera, 2010 WL 5111411, *3 (M.D.Pa. 2010) (concluding that if the plaintiff, a New York Consumer, was permitted to invoke the UTPCPL to conduct occurring outside of Pennsylvania, it would constitute "geographic overbreadth" because the UTPCPL does not have extraterritorial effect and also that it would be unconstitutional under the Commerce Clause of the United States Constitution). Federal courts sitting in other states analyzing Pennsylvania law have likewise concluded that non-residents of Pennsylvania cannot generally invoke the UTPCPL. See Beye v. Horizon Blue Cross Blue Shield of New Jersey, 568 F.Supp.2d 556, 570 (D.N.J. 2008) ("[Plaintiff] is a New Jersey citizen and therefore has no grounds upon which to bring a claim under the Pennsylvania [UTPCPL]."); Washington v. Internet Order, LLC, 2015 WL 918694 (W.D. Wash. 2015) ("[C]ase law indicates that the CPL has no effect beyond the boundaries of Pennsylvania. Pennsylvania courts have repeatedly held that the CPL does not have extraterritorial effect.").

Therefore, in order for a non-resident of Pennsylvania to be able to recover under the UTPCPL, he must, at the very least, allege a "sufficient nexus" with Pennsylvania. Wolfe v. McNeil-PPC, Inc., 773 F.Supp.2d 561, 575 (E.D.Pa. 2011) (citing Haggart v. Endogastric Solutions, Inc., 2011 WL 466684, *7 (W.D.Pa. 2011)). In other words, the non-resident plaintiff must be engaged in a transaction within the state to be covered under the UTPCPL. Mikola v. Penn Lyon Homes, Inc., 2008 WL 2357688, *3 (M.D. Pa. 2008); see also A.H. Jr., v. Janssen Pharm., Inc., 2015 WL 6442359, *9 (Pa. Com. Pl. Phila. Cty. 2015). The fact that a defendant is headquartered in and conducts significant business in Pennsylvania, however, does not establish a sufficient nexus with Pennsylvania. See In re Avandia Marketing, Sales Practices and Products Liab. Litig., 2013 WL 5761202, *9 (E.D. Pa. 2013) (concluding that a non-resident of Pennsylvania lacked standing to sue a Pennsylvania-based entity under the UTPCPL notwithstanding that the alleged wrongdoing was orchestrated in and emanated from Pennsylvania). Instead, as Guardian correctly asserts, we focus on the plaintiff's contacts with the state whose law he is seeking to invoke when determining whether there is a sufficient nexus with the state. Compare Wolfe, 773 F.Supp.2d at 574-75 ("That some of the defendants maintain principal places of business in Pennsylvania is simply too attenuated a connection to support a UTPCPL claim" where the non-resident's injury occurred in Maine and Massachusetts), with Haggart, 2011 WL 466684, at *7 (the non-resident Plaintiff could seek protection under the UTPCPL because the plaintiff's surgery and injury occurred in Pennsylvania).

In this case, the complaint contains no allegations that Plaintiff had any contacts or transactions with Guardian that relate to Pennsylvania. As set forth above, the fact that Guardian is headquartered in Pennsylvania does not form a sufficient nexus with Pennsylvania. Nor can

the Court conclude that Plaintiff has alleged a sufficient nexus with Pennsylvania based on the fact that Guardian's alleged unlawful conduct (e.g., drafting the "form" agreement and unreasonably interpreting it after cancellation in order to continue billing the customer) emanated from Pennsylvania. The complaint does not allege that Plaintiff received any services in Pennsylvania or that he made any of the post-cancellation payments in Pennsylvania. Instead, the complaint alleges that Plaintiff entered into the agreement with Guardian in Washington, D.C., which is where he received Guardian's home protection services and made the monthly payments from April 2013 until September 2014. Compl. at ¶¶ 8, 13, ECF No. 1-1. In November 2014, Plaintiff sold his house after he relocated to San Francisco, California for work and then cancelled his service with Guardian. Id. at ¶¶ 21, 22. For several months following said cancellation, Guardian continued billing Plaintiff for monthly services, taking the position that regardless of the cancellation, Plaintiff was still obligated to make monthly payments for the duration of the "3 year initial term" to which the parties had agreed. Id. at ¶¶ 22-25. Plaintiff made these payments under protest for several months, despite no longer living in Washington, D.C., so that his credit was not negatively affected. Id. at ¶¶ 23, 26-31. When considering these allegations as a whole, it is clear that Plaintiff's purported injury—that he continued to be wrongly billed after cancelling the contract—did not occur in Pennsylvania; it rather occurred in Washington, D.C. and/or California. See Garland v. ServiceLink L.P., 2013 WL 5428716, *3 (D. Md. 2013) (the non-Pennsylvania resident plaintiffs could not sue under the UTPCPL because the place of their injury was where they sustained their economic loss, not where the defendant was headquartered and conducting business). Consequently, in the absence of any authority to the contrary, Plaintiff cannot pursue a UTPCPL claim against Guardian under these circumstances.

The fact that the parties' agreement had a choice of law provision does not change this result. The choice of law provision in their agreement states, "You agree that this Agreement shall be governed by the laws of Pennsylvania without giving effect to its conflict of laws rules." Plaintiff claims this provision gives him the right to bring his claims. Guardian disputes that this choice of law provision applies to these claims, arguing that it only applies to breach of contract claims. Even assuming for the sake of argument that Plaintiff is correct in asserting that the choice of law provision allows Plaintiff to bring the claims that he asserts herein, Plaintiff still cannot recover under Pennsylvania law. The choice of law provision cannot broaden the plain text and explicit scope of the UTPCPL. As noted above, the UTPCPL prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." 73 P.S. § 201–3. The definition of "trade" and "commerce" is restricted to only apply to conduct which "directly or indirectly affect[s] the people of this Commonwealth." Id., § 201-2(3). As set forth above, the complaint clearly fails to allege that Plaintiff can be considered a person of this Commonwealth for purposes of the UTPCPL. As such, Plaintiff's claim under the UTPCPL fails to state a claim under Pennsylvania law. See Rios, 2010 WL 5111411, *3 ("The activities the plaintiff complains of only affected herself, and she is a resident of New York. Thus, … the proposed amended complaint fails to state a claim upon which relief can be granted."); see also Wolfe, 773 F.Supp.2d at 575 (dismissing the non-resident plaintiff's claim under the UTPCPL notwithstanding that the defendants conceded that Pennsylvania law governed the plaintiff's claims because the defendants had "not stipulated to the *applicability* of the UTPCPL, and plaintiff ha[d] not alleged a 'sufficient nexus' between the events in this case and the Commonwealth of Pennsylvania.") (emphasis added).

Because Plaintiff has failed to state a claim under the UTPCPL, his claim under the

FCEUA likewise fails. The FCEUA's enforcement provision states: "If a debt collector or creditor engages in an unfair or deceptive collection act or practice under this act, it shall constitute a violation of the … [UTPCPL]." 73 P.S. § 2270.5 (footnote omitted). "The FCEUA therefore does not provide its own private cause of action; rather, it is enforced through the remedial provision of the UTPCPL." Kaymark v. Bank of Am., N.A., 783 F.3d 168, 182 (3d Cir. 2015). Consequently, if a plaintiff cannot state a claim for relief under the UTPCPL, then he cannot state a claim under the FCEUA. Id.

In accordance with the foregoing, both of Plaintiff's claims in the complaint fail to state a claim.[3] Accordingly, Guardian's motion to dismiss is granted. The only matter left for the Court to consider is whether the complaint should be dismissed with prejudice. See Phillips v. Cty. of Allegheny, 515 F.3d 224 (3d Cir. 2008) ("[I]f a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be futile or inequitable."). The Court finds that a curative amendment in this case would be futile because the complaint, as amended, would continue to fail to state a claim. See Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). Plaintiff has no connection to Pennsylvania whatsoever and therefore cannot add any factual allegations demonstrating a sufficient nexus with the Commonwealth in order to be able to recover under the UTPCPL and FCEUA. Moreover, Plaintiff adamantly disputes in his brief in opposition that his claims in the complaint are actually a disguise for an ordinary breach of contract claim.[4] As such, there is no basis to allow Plaintiff

---

[3]    Because the complaint can be dismissed based on Guardian's primary argument, we need not consider its remaining arguments focusing on the merits of Plaintiff's claims or its alternative motion to strike class claims.

[4]    See ECF No. 39 at 2 ("Guardian repeatedly mischaracterizes Plaintiff's complaint as a breach of contract claim 'masquerading as a deceptive trade practices claim.' … But Guardian's assertion glosses over the basis of Plaintiff's allegations, which do not concern a breach, but which challenge Guardian's *conduct* in interpreting the Contract to provide for hidden, unlawful contractual penalties.") (emphasis in

to amend the complaint to assert a breach of contract claim.  Therefore, the complaint will be dismissed with prejudice by separate Order filed contemporaneously herewith.

Dated:  <u>July 25, 2016</u>.

By the Court:

<u>s/ Cynthia Reed Eddy</u>
Cynthia Reed Eddy
United States Magistrate Judge

cc: all counsel of record via CM-ECF

---

original); <u>Id.</u> at 20 n. 10 ("Though Plaintiff alleges that Guardian's deceptive practices are aided by the unfairness of certain Contract terms, Guardian mistakenly (and repeatedly) claims that Plaintiff's claims are breach of contract claims. … However, Plaintiffs claims do not sound in contract…").